IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN HARDNEY,<br><br>    Petitioner,<br><br>v.<br><br>D. ADAMS, Warden,<br><br>    Respondent. | No. C 11-04713 EJD (PR)<br><br>ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS; DENYING CERTIFICATE OF APPEALABILITY |

Petitioner, a state prisoner, seeks an administrative writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the decision of the Pelican Bay State Prison ("PBSP") that resulted in the loss of good time credits. Finding the petition stated a cognizable claim under § 2254, the Court ordered Respondent to show cause why the petition should not be granted. Respondent filed an answer, and Petitioner filed a traverse.

**BACKGROUND**

On June 22, 2009, Correctional Officer Espino issued a Rules Violation Report ("RVR") to Petitioner for "Masturbation with Exposure." (Pet. at 16.) Petitioner elected to postpone his hearing pending outcome of the referral to the

Order Denying Petition for Writ of Habeas Corpus; Denying COA
G:\PRO-SE\SJ.EJD\HC.11\04713Hardney_denyHC(rvr).wpd

District Attorney's Office. (Id. at 19.) After receiving notice that the case was dismissed, a disciplinary hearing was held on October 30, 2009. (Id.) Prior to the hearing, Petitioner was provided with notice of the hearing and of the charges against him. (Id. at 18.) Petitioner pled not guilty, but based upon the evidence presented, including the RVR, the Investigative Employee's Report, and a Mental Health Assessment Request, Petitioner was found guilty and assessed a 90 days forfeiture of good time credits, 10 days loss of yard, and 180 days loss of privileges. (Id.) Petitioner did not request any witnesses. (Id. at 4.)

Petitioner filed a habeas petition in the state superior court which was denied on November 15, 2010. (Id. at 25.) His petitions to the state appellate and supreme courts were also denied. Petitioner filed the instant federal habeas petition on September 7, 2011.

## DISCUSSION

A.   Standard of Review

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The petition may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the]

Court has on a set of materially indistinguishable facts." <u>Williams v. Taylor</u>, 529 U.S. 362, 412-13 (2000). "Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." <u>Id.</u> at 413.

"[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." <u>Id.</u> at 411. A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable." <u>Id.</u> at 409.

B.  <u>Legal Claims</u>

According to the RVR, Correctional Officer Espino was working in the control booth on June 22, 2009, when Petitioner exposed and masturbated at his cell window. (Pet. at 16.) Officer Espino reported that Petitioner "moved right to stand in front of his window, still looking directly at [Espino], he exposed his penis and using his right hand, he began stroking his penis in an upward and downward motion." (<u>Id.</u>) Officer Espino reported the incident to Sergeant J. Martinez, and Petitioner was subsequently moved to a lower tier cell. (<u>Id.</u>)

Petitioner asserts, as he did at the hearing, that based on the distance from the tower and his cell, and looking through the dirty windows and cell door, it was unbelievable that Officer Espino could see his eyes as she alleges. (Pet. at 19.) Furthermore, Petitioner claims that Officer Espino stated that he was wearing a white shirt with white shorts and that he was rubbing his penis with his hands outside the shorts, but that her "assumption" is impossible and "simpl[y] didn't occur." (<u>Id.</u>) He claims that the reason he was moved to a different tier was due to discrimination, not because he masturbated. (<u>Id.</u> at 2.)

An inmate in California is entitled to due process before being disciplined

1    when the discipline imposed will inevitably affect the duration of his sentence. See
2    Sandin v. Conner, 515 U.S. 472, 484, 487 (1995). The process due in such a prison
3    disciplinary proceeding includes written notice of the charges, time to prepare for
4    the hearing, a written statement of decision, allowance of witnesses and
5    documentary evidence when not unduly hazardous to institutional safety or
6    correctional goals, and aid to the accused where the inmate is illiterate or the issues
7    are complex. Wolff v. McDonnell, 418 U.S. 539, 564-67 (1974).

8        The revocation of good-time credits does not comport with the minimum
9    requirements of procedural due process in Wolff unless the findings of the prison
10   disciplinary decision-maker are supported by some evidence in the record.
11   Superintendent v. Hill, 472 U.S. 445, 454 (1985). There must be "some evidence"
12   from which the conclusion of the decision-maker could be deduced. Id. at 455. An
13   examination of the entire record is not required nor is an independent assessment of
14   the credibility of witnesses or weighing of the evidence. Id. "[T]he relevant
15   question is whether there is any evidence in the record that could support the
16   conclusion reached" by the disciplinary decision-maker. Id. This standard is
17   considerably lower than that applicable in criminal trials. See id. at 456.

18       The record reveals, and Petitioner does not dispute, that Petitioner received
19   written notice of the charges more than twenty-four hours prior to the hearing and
20   that there was a written statement as to the findings and reasoning of the disciplinary
21   decision. (Pet. at 18.) Petitioner was assigned an investigative employee to whom
22   he did not object. (Id.) A staff assistant was not assigned at the hearing because
23   Petitioner speaks English and is literate, the issues were not complex, and a
24   confidential relationship was not required. (Id.) With respect to witnesses,
25   Petitioner did not request any. (Id. at 20.)

26       The evidence of Petitioner's guilt consisted of a detailed statement by the
27   reporting officer who stated that she saw Petitioner engage in the act of
28   masturbation. (Pet. at 16.) Although Petitioner questions the ability of the reporting

Order Denying Petition for Writ of Habeas Corpus; Denying COA
G:\PRO-SE\SJ.EJD\HC.11\04713Hardney_denyHC(rvr).wpd    4

officer to see clearly into his cell and generally challenges the credibility of the reporting officer, the "some evidence" standard does not require this Court to examine the entire record nor make an independent assessment of the credibility of the witnesses or weighing of the evidence. Hill, 472 U.S. at 455. The relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board. See id. Accordingly, there was sufficiently reliable evidence to find Petitioner guilty of the charged offense. Id. at 454.

Because the procedural protections required by Wolff were met in this case, and because the findings of the disciplinary board were supported by "some evidence," Hill, 472 U.S. at 445, there was no violation of Petitioner's federal right to due process. Accordingly, the state courts' denial of this claim was not contrary to, or an unreasonable application of, clearly established Supreme Court precedent, nor was it based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d)(1), (2).

**CONCLUSION**

After a careful review of the record and pertinent law, the Court concludes that the Petition for a Writ of Habeas Corpus must be DENIED.

Further, a Certificate of Appealability is DENIED. See Rule 11(a) of the Rules Governing Section 2254 Cases. Petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Nor has Petitioner demonstrated that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Petitioner may not appeal the denial of a Certificate of Appealability in this Court but may seek a certificate from the Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure. See Rule 11(a) of the Rules Governing Section 2254 Cases.

1    The Clerk shall terminate any pending motions and close the file.

DATED: 4/25/2013

                                                  EDWARD J. DAVILA
                                                  United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

JOHN HARDNEY,

        Petitioner,

  v.

D. ADAMS, Warden,

        Respondent.

Case Number: CV11-04713 EJD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 4/29/2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

John Hardney D-00599
P. O. Box 290066
Represa, CA 95671

Dated: 4/29/2013

Richard W. Wieking, Clerk
/s/ By: Elizabeth Garcia, Deputy Clerk